Requestor: William J. Gibbons, Esq., Village Attorney Village of Cooperstown P.O. Box 148 Cooperstown, New York 13326
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether it is permissible for a member of the village's board of trustees to run for the town board of the town in which the village is partially located and, if elected, retain the village office.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
We have found that the positions of member of a town board and member of a village board of trustees are incompatible. 1980 Op Atty Gen (Inf) 119, 158. We based this finding on the fact that under section 277
of the Highway Law, in the preparation of the town budget the town board must annually determine whether real property in the village may be exempted from taxes for certain highway purposes. See, Highway Law §141(3), (4). While this balancing of interests of the village and the town will occur only once a year, it is inevitable and substantial. The town budgetary process consumes considerable time and the impact of the town board's decision upon the taxes of the village and the town can be substantial.
Thus, under the common law doctrine of compatibility of office, the village trustee could run for the position of member of the town board but, if elected, upon taking office would by operation of law vacate the position of village trustee.
We conclude that the positions of member of a town board and village trustee are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.